# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KALEN SKYLER BURKE,**

    **Petitioner,**

**vs.**                                **Case No. 4:22-cv-00111-MW-MAF**

**OFFICER DUSTIN MOORE, #373,**
**et al.**

    **Respondents.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, Kalen Skyler Burke, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court screened the complaint, found it legally insufficient, and ordered Plaintiff to amend. ECF No. 4. Plaintiff did not pay the $402 filing fee and filed a motion to proceed *in forma pauperis*, ECF No. 2, which was denied because he did not include his inmate account statement. Id. The Court ordered Plaintiff to submit the inmate account statement or, alternatively, pay the filing fee. Id. As of the drafting of this Report, Plaintiff has not complied with the Court's order. For the reasons stated below, the complaint should be dismissed without prejudice and the case closed.

## I. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. at 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

Case No. 4:22-CV-00111-MW-MAF

Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II.  Plaintiff's Complaint, ECF No. 1.

Plaintiff sues Deputy Dustin Moore, in his individual capacity, and the Leon County Sheriff's Office, in its official capacity. ECF No. 1, pp. 1-3. Plaintiff alleges that on January 5, 2022, he was "detained/arrested" "at the intersection of [Highway] 20" and "Winner's Café located at 4979 Blountstown [Highway]." Id., pp. 5-6. According to Plaintiff, Deputy Moore used excessive force when he tased Plaintiff until he was unconscious. Id., p. 5. Plaintiff woke up in the hospital. Id. Plaintiff claims, as a result, he suffered "severe medical issues" including internal bleeding on the brain, seizures, memory loss, blackouts, migraines, headaches, nausea, and post-

traumatic stress disorder. Id. Plaintiff presents no set of facts involving the Leon County Sheriff's Office. Plaintiff alleges a violation of his Fourth Amendment rights by claiming police brutality and excessive use of force. Id., p. 7.

Pursuant to Fed. R. Evid. R. 201, the Court takes judicial notice of Plaintiff's four criminal cases pending in Leon County, which were filed on January 6th and January 7th, specifically: 2022-CF-000039, 22-CF-000043, 2022-CF-000045, and 2022-MM-000058.[1] In these cases, Plaintiff is charged with drug trafficking, possession of a firearm by a convicted felon, possession of controlled substances, possession with intent to sell drugs, possession of drug paraphernalia, displaying a firearm during a felony, possession of an altered firearm, being an out-of-state fugitive from justice, and resisting an officer without violence.

As relief, Plaintiff seeks an unspecified amount of monetary damages for "all medical expenses," "money lost due to recent seizure disorder," other relief because the mental and physical injuries will result in the loss of future work, and requests a jury trial. Id., p. 1, 7.

---

[1] Leon County criminal court records can be found online at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp Accessed: March 18, 2022, and April 26, 2022.

### III. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792

F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff provides no set of facts against the Leon County Sheriff's Office; and, therefore, fails to state any constitutional claims against it. The Court directed Plaintiff to amend his complaint and explained that for each named defendant, he must attribute a set of facts supporting his claims. Plaintiff could not simply "plead the bare elements of [a] cause of action" but

must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient. Plaintiff was advised that his case may also be dismissed for the reasons stated below.

## IV. Respondeat Superior

Plaintiff's attempts to raise claims against the Leon County Sheriff's Office under a theory of vicarious liability or respondeat superior are likely futile because, ordinarily, a Section 1983 action will not support such a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 675-76 (2009). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Here, Plaintiff fails to attribute any set of facts to the Sheriff's Office. Thus, claims based on a theory of respondeat superior should be dismissed.

## V. Futility of Claims under Younger v. Harris, 401 U.S. 37, 41 (1971)

It is well-settled that federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Under Younger, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that the Younger abstention doctrine extends to cases involved in § 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405-06 (11th Cir. 1985) (requiring abstention pursuant to Younger where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings). See also 31 Foster Children v. Bush, 329 F.3d 1255, 1274-75 (11th Cir. 2003).

When excessive force claims arise from events which occurred during an arrest, the Fourth Amendment governs. See Garrett v. Athens-Clarke Cty.

Ga., 378 F.3d 1274, 1279 n. 11 (2004) (citing Graham v. Connor, 109 S. Ct. 1865, 1871 (1989)). Plaintiff's claim implicates the ongoing state criminal proceedings. ECF No. 1. Specifically, Plaintiff is charged with resisting arrest, firearms offenses, drug trafficking, and being a fugitive of justice. An adjudication in this case finding a violation of the Fourth Amendment would interfere with the state proceedings. See Boyd v. Georgia, 512 F. App'x 915, 918 (11th Cir. 2013). The Younger doctrine precludes this Court's involvement because Plaintiff has **four** state judicial actions pending, which implicate important state interests; and the state actions are capable of addressing the federal constitutional question.

## VI. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of

delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his complaint in accordance with the Court's order. Moreover, Plaintiff ignored the Court's order to file the IFP motion and the inmate account statement detailing all transactions for the past six months or pay the $402 filing fee. See ECF Nos. 2, 4. These were due by **April 18, 2021**. The Court advised Plaintiff that failure to follow Court orders would result in a recommendation of dismissal. Id.

### VII.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** without prejudice because it is an impermissible shotgun pleading, certain claims are barred by the Younger abstention doctrine, and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") Finally, it is also

recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on April 27, 2022.

s/ Martin A. Fitzpatrick<br>
MARTIN A. FITZPATRICK<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).